-1-

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**GURNEY GRANT, Jr.**<br>a/k/a "Rock" | Criminal No: 2:15-800<br><br>**AMENDED PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this _14th_ day of _October_, 2016, between the United States of America, as represented by Acting United States Attorney BETH DRAKE, Assistant United States Attorney JD Rowell; the Defendant, **GURNEY GRANT, Jr., a/k/a "Rock,"** and Defendant's attorney, Debbie Barbier.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to *a lesser included charge contained in* Count 1 of the Superseding Indictment now pending, that being "conspiracy to possess with intent to distribute and to distribute a quantity of powder cocaine," a violation of Title 21, United States Code, § 846, 841(a)(1) and 841(b)(1)(C).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count 1

    A. The conspiracy described in the Superseding Indictment to distribute the charged amount of controlled substances was willfully formed and was existing at or about the alleged time;

    B. The defendant willfully became a member of the conspiracy; and

    C. The defendant distributed a quantity of a controlled substance(s) equal to or in excess of the amount charged in Count 1, agreed to assist in the distribution of a quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1, or the distribution of the threshold quantity of controlled substance(s) equal to or in excess of the amount charged in Count 1 was reasonably foreseeable to the defendant and same was within the scope of the defendant's agreement and understanding.

The penalty for this offense is:

21 USC 841(a)(1), (b)(1)(C) - in a case involving less than 500 grams of cocaine and no prior felony drug conviction - a term of imprisonment of 20 years, no probation if death or serious bodily injury results, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

2.     The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum

-3-

payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

   A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

   B. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment [and any other indictments under this number] at sentencing. Also, provided the Defendant complies with all the terms of this Agreement, the United States agrees that it will not file additional charges against the Defendant which are part of the same course of conduct and/or part of a common scheme or plan as the offense charged in the Superseding Indictment included but not limited to charges brought pursuant to 18 USC 924(c). The Defendant understands that the Court may consider these

-4-

dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

4. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein. It is understood that if the United States contends that the Defendant has violated a provision of the agreement, the United States will be required to prove said breach to the Court's satisfaction in accordance with applicable Fourth Circuit law.

5. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his

-5-

attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under

-6-

28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct or changes in the law that affect the defendant's sentence raised pursuant to 28 U.S.C. § 2255)

7. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

8. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

-7-

10-14-16
Date

/s/ Gurney Grant, Jr.
Gurney Grant, Jr., DEFENDANT

10-14-16
DATE

/s/ Debbie Barbier
Debbie Barbier
ATTORNEY FOR THE DEFENDANT

BETH DRAKE
Acting UNITED STATES ATTORNEY

10/14/16
Date

/s/ JD Rowell
JD ROWELL (#09802)
ASSISTANT UNITED STATES ATTORNEY